Ross Cornell, Esq. (SBN 210413)
LAW OFFICES OF ROSS CORNELL, APC
Email: *rc@rosscornelllaw.com*
P.O. Box 1989 # 305
Big Bear Lake, CA 92315
Phone: (562) 612-1708
Fax: (562) 394-9556

Attorney of Record for Plaintiff,
Bryan Estrada

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Estrada,<br><br>   Plaintiff,<br><br>   v.<br><br>Manuel Barajas, et al.,<br><br>   Defendants. | Case No.<br><br>5:21-cv-01801-ODW-SP<br><br><br>**PLAINTIFF'S CASE STATEMENT** |

  1. <u>ADA VIOLATIONS</u>

  As of the filing of the complaint in this action, the specific ADA violations at 12909 9th St Chino, CA 91710, also known as San Bernardino County Assessor's Parcel No. 1020-051-09 (the "Subject Property") that formed the basis of the complaint were as set forth below.  As of today's date, no Defendant has advised Plaintiff that any remedial work has been accomplished in response to the lawsuit to address, remediate, repair, alter or otherwise provide

-1-
**PLAINTIFF'S CASE STATEMENT**

access regarding any of the following items, all of which were identified clearly in the Complaint:

  A. The Subject Property lacks the minimum required number of ADA compliant accessible parking spaces.

  B. There was no diagonal striped marking and no blue border around where an access aisle is supposed to exist adjacent to any designated accessible parking space(s) serving the Subject Property.

  C. The designated "accessible" parking space(s) and/or blue striped access aisles provided at the Subject Property are smaller than permitted by the ADA.

  D. The designated "accessible" parking spaces at the Subject Property do not provide accessible parking signage as required by the ADA. Among other things, they fail to provide tow-away signage and "Minimum Fine $250" signage as required by the ADA and state law to be posted near the designated accessible parking space(s).

  E. The designated "accessible" parking spaces at the Subject Property do not provide the universal symbol of accessibility.

  F. There is no twelve-inch high "NO PARKING" lettering on the blue-striped parking access aisle(s) serving the Subject Property.

  G. The service counters, point of sale machines and/or self-serve equipment serving the Subject Property are not within an operable reach range.

  H. There is insufficient accessible seating.

  I. The walkway contains abrupt vertical edges and/or variations over 1/4 inch.

J.  Plaintiff is entitled to seek the removal of barriers whether he encountered them or not [*Molski v. Arciero Wine* (2008) 164 Cal.App.4th 786], has the right to pursue the removal of barriers effecting his disability that are discovered during his expert inspection [*Doran v. 7-Eleven, Inc.* (9th Cir. 2007) 524 F.3d 1034], and is not obligated to engage in futile gestures in order to demonstrate standing to remove barriers related to his disability [*Pickern v. Holiday Quality Foods* (9th Cir. 2002) 293 F.3d 1133, 1136]. Accordingly, Plaintiff expressly reserves the right to pursue the removal of barriers not identified herein that are discovered during an expert inspection on the interior and exterior customer areas of the Subject Property. On information and belief, the paths of travel and turning radiuses serving the interior of business locations at the Subject Property do not comply with the ADA because they provide unreasonably narrow paths of travel and turning radiuses, and the service counters, point of sale machines and/or self-serve equipment serving the Subject Property are not within an operable reach range. These and other matters will be confirmed and documented upon the Plaintiff's expert inspection.

2.  **DAMAGES**

Plaintiff has not brought an action for damages at this time.

Dated: January 10, 2022        LAW OFFICES OF ROSS CORNELL, APC

By:      /s/ *Ross Cornell*
Ross Cornell, Esq.,
Attorneys for Plaintiff,
Bryan Estrada

-3-
**PLAINTIFF'S CASE STATEMENT**